**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

RAGME RIVERA,

        Plaintiff,

v.

ROSS FURNITURE LOGISTICS INC.,
EYAL ROSS,

        Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, RAGME RIVERA, brings this action against Defendants, ROSS FURNITURE LOGISTICS INC. and EYAL ROSS, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     At all times material hereto, Plaintiff RAGME RIVERA was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.     At all times material hereto, Defendant, ROSS FURNITURE LOGISTICS INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of furniture logistics, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.     Defendant, EYAL ROSS, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, ROSS FURNITURE LOGISTICS INC.; said Defendant acted and acts directly in the interests of Defendant, ROSS FURNITURE

1

LOGISTICS INC., in relation to said co-Defendant's employees. Defendant effectively dominates ROSS FURNITURE LOGISTICS INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, EYAL ROSS was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

5.      Defendant EYAL ROSS controlled Plaintiff's pay, duties, and hours worked.

6.      In justifiable reliance upon Defendants' representations and promises, Plaintiff RAGME RIVERA accepted employment and began working for Defendants as a customer service representative.

7.      Defendants failed to pay Plaintiff for three weeks of work.

8.      Plaintiff have attached a statement of claim as Exhibit A to provide preliminary estimates of the damages. These amounts may change as Plaintiffs engage in the discovery process.

9.      Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

10.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

12.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-11 above as if set forth herein in full.

13.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

                            Respectfully submitted,

                            Koz Law, P.A.
                            320 S.E. 9th Street
                            Fort Lauderdale, Florida 33316
                            Phone: (786) 924-9929
                            Fax:    (786) 358-6071
                            Email: ekoz@kozlawfirm.com

                            _____
                            Elliot Kozolchyk, Esq.
                            Bar No.: 74791